# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1812V
UNPUBLISHED

| | |
|---|---|
| DARRELL W. MORGAN,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 30, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Anne Carrion Toale*, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On November 26, 2018, Darrell W. Morgan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on November 17, 2017. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 10, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On March 30, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $86,797.25 (which represents $85,000.00 for past and future pain and suffering and $1,797.25 for past unreimbursed expenses). Proffer at 1. In the Proffer, Respondent represents that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $86,797.25, (which represents $85,000.00 for past and future pain and suffering and $1,797.25 for past unreimbursed expenses) in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DARRELL W. MORGAN, ) | |
| ) | |
| Petitioners, ) | |
| ) | No. 18-1812V |
| v. ) | Chief Special Master Corcoran |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Compensation for Vaccine-Related Items:**

On January 10, 2020, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. On the same day, the Court issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for a Table injury of Guillain-Barre Syndrome as a result of a flu vaccination he received on November 17, 2017. Respondent proffers that, based on the evidence of record, petitioner should be awarded a lump sum of $86,797.25 (which represents $85,000.00 in for past and future pain and suffering, and $1,797.25 for past unreimbursable expenses).

This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

---

[1] Petitioner is a competent adult, therefore evidence of guardianship is not required in this case.

1

## II.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through:

    a lump sum of **$86,797.25** in the form of a check payable to petitioner.

Petitioner agrees.

    Respectfully submitted,

    JOSEPH H. HUNT
    Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Acting Director
    Torts Branch, Civil Division

    CATHARINE E. REEVES
    Deputy Director
    Torts Branch, Civil Division

    HEATHER L. PEARLMAN
    Assistant Director
    Torts Branch, Civil Division

    ***/S/ ALEXIS B. BABCOCK***
    ALEXIS B. BABCOCK
    Assistant Director
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 146
    Benjamin Franklin Station
    Washington, D.C. 20044-0146
    Tel: (202) 616-7678

Dated: March 30, 2020